LAW OFFICES OF
**O'KEKE & ASSOCIATES, P.C.**
255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 855-9595
Attorneys for plaintiff

------------------------------------X------------------------------
EDWARD COOPER,                       :UNITED STATE DISTRICT COURT
        Plaintiff,              SOUTHERN DISTRICT OF NEW YORK
                                     :
                                     :  07 CIV 6095
   against                           :
                                     : CIVIL ACTION
                                     :
THE CITY OF NEW YORK,                : **COMPLAINT**
NEW YORK CITY POLICE DEPARTMENT      :
P.O. DEMETRIOUS KOLA,                : **PLAINTIFF DEMANDS**
P.O. CHRISTOPHER OHARE,              : TRIAL BY JURY
SGT. GUY PATERSEN "JANE DOE" AND     :
"JOHN DOE""1'through'10 inclusive,   :
the names of the last defendants     :
being fictious, the true names       :
of the defendants being unknown      :
to the plaintiff.                    :
        Defendant(s).           :
------------------------------------X------------------------------



JUDGE DANIELS

RECEIVED JUN 28 2007 U.S.D.C. S.D.N.Y. CASHIERS

    TAKE NOTICE, the Plaintiff, Mr. EDWARD COOPER, hereby appears in this action by his attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon him, at the address below, in this matter.

    Plaintiff, Mr. EDWARD COOPER, by his attorneys, O'keke & Associates, P.C., complaining of the defendants, The City of New York, The New York City Police Department, P.O. DEMETRIOUS KOLA, P.O. CHRISTOPHER OHARE, SGT. GUY PATERSEN, "Jane Doe" AND "John Doe" collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1.   This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth

Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

7. Defendants P.O. DEMETRIOUS KOLA, P.O. CHRISTOPHER OHARE, SGT. GUY PATERSEN are Police Officers, and at all times relevant to this action were, officers of the City of New

York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. Defendants "John Doe" and "Jane Doe" 1'through'10 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

10. On or about May 14, 2006, at approximately 2:30AM, defendants P.O. DEMETRIOUS KOLA, P.O. CHRISTOPHER OHARE, SGT. GUY PATERSEN, together with other police officers, employed with the New York City Police Department and assigned to the 6th Precinct, without probable cause and/or justification, arrested the plaintiff opposite 333Sixth Avenue, New York, New York, located in the County of New York and falsely charged him with PL 160.10 'Robbery in the Second Degree', amongst other charges.

11. Prior to and after effecting the illegal arrest against the plaintiff, said defendant police officers pulled the plaintiff and his sister while they were walking home without probable cause and without no investigation and charged them with PL 160.10 'Robbery in the Second Degree', amongst other charges. The plaintiff then transported in a police car to the 6th Precinct, where he was kept for several hours, deprived of any food, notwithstanding is repeated plead for something to eat. Thereafter he was transported to the Central Booking Division at the Criminal Court, located at 100 Centre Street, New York, New York, where he was placed in a "holding pen" along with numerous others arrested persons. Plaintiff was did not see a judge until the following evening there after he was incarcerated until January 26, 2007, when his case was dismissed on motion of the district attorney. Plaintiff was caused to serve over eight months, during which time he returned to court on several occasions until the case was finally dismissed on January 26, 2007.

12. That plaintiff's was not allowed to make any phone calls or contact anyone during the entire time he was in Central Booking or in the 6th Precinct. Further, Plaintiff had to return to court on several occasions before the case was finally dismissed on January 26, 2007, pursuant to a motion of the District Attorney.

13. That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed, they still proceeded to arrest, assault and incarcerate plaintiff just to intimidate plaintiff.

14. That at no time during the arrest was any investigation conducted by the defendant officers to justify the arrest of the plaintiff.

15. On February 28, 2007, the plaintiff served the City of New York with a Notice of Claim.

16. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiff trespass at the alleged property or commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the police.

20. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

21. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

22. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

23. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of his attack, he continues to suffer from nightmares, is fearful of going outside and when he sees the police, he suffers

various emotional attacks, in addition, he has been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

24. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained for more than eight months without just or probable cause.

25. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

26. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

27. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

28. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

29. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

30. A written claim was filed upon the City of New York, and at least thirty-days have elapsed since the service of the

Notice of Claim and the adjustment or the payment of the claim has been neglected or refused.

31. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against Defendants Officers

32. Plaintiff hereby restates paragraphs 1-31 of this complaint, as though fully set forth below

33. By detaining, imprisoning and maliciously prosecuting Mr. Cooper, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendants' Officers, deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

34. In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

35. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

36. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION

New York State Constitution, Art. 1 Section 12

37. Plaintiff hereby restates paragraph 1-36 of this complaint, as though fully set forth below

38. By detaining, imprisoning and maliciously prosecuting Mr. Cooper, without probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

39. In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

40. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

41. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

Assault and Battery--all Defendants

43. Plaintiff hereby restates paragraph 1-42 of this complaint, as though fully set forth below

44. In physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

45. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:

False Arrest and False Imprisonment--all defendants

46. Plaintiff hereby restates paragraph 1-45 of this complaint, as though fully set forth below

47. The Defendants Officers wrongfully and illegally detained, and imprisoned the Plaintiff.

48. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

49. At all relevant times, the Officers Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiff.

50. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

51. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

52. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

53. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

54. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS FOR A FIFTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

56. The Plaintiff hereby restates paragraph 1-55 of this complaint, as though fully set forth below.

57. The Defendants Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

58. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

59. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers and security guards, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS AND SIXTH CAUSE OF ACTION

Negligent and Retention of Employment Services-against defendant City of New York.

61. Plaintiff hereby restates paragraph 1-60 of this Complaint, as though fully set forth below.

62. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

63. Upon information and belief, defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

64. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

65. Upon information and belief, defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.

66. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiff incurred significant and lasting injuries.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against the City of New York, compensatory damages in an amount to be determined at trial; and

7. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:      June 21, 2007
            Brooklyn, New York

                                    Respectfully Submitted
                                    O'keke & Associates, P.C.

                              By:   Patrick Ike O'keke Esq. [PO-2861]
                                    255 Livingston Street,
                                    Brooklyn, New York 11217
                                    Tel. No.  : (718) 855-9595
                                    Fax No.   : (718) 855-9494

Civil Case Number: _____    Attorney: PATRICK O'KEKE [2861]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

EDWARD COOPER,

                                                  Plaintiff(s),

              against

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, P.O. DEMETRIOUS KOLA, P.O. CHRISTOPHER OHARE, SGT. GUY PATERSEN "JANE DOE" AND "JOHN DOE", 1'through'10 inclusive, the names of the last defendants being fictious, the true names of the defendants being unknown to the plaintiff.

                                                  Defendant(s).

---

## SUMMONS & COMPLAINT
## DEMAND TRIAL BY JURY

---

**O'KEKE & ASSOCIATES, P.C.**
255 LIVINGSTON STREET 4TH FLOOR BROOKLYN NY, 11217
PHONE: (718) 855-9595   FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:

Defendants/Attorney(s) For Defendants.

---

    Service of a copy of the within is hereby admitted

                      Dated:_____

          Attorney(S) For:_____