

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/07

THE CITY OF NEW YORK

**LAW DEPARTMENT**

MICHAEL A. CARDOZO
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

STUART E. JACOBS
phone: (212) 788-0899
fax: (212) 788-9776
email: sjacobs@law.nyc.gov

July 27, 2007

**SO ORDERED**

*[signature]*

HON. GEORGE B. DANIELS

BY HAND ONLY
Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street, Room 630
New York, NY 10007

    Re: Cooper v. City of New York et al., 07 CV 6095 (GBD)

Dear District Judge Daniels:

    I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York assigned to the above-referenced case. I am writing with the consent of plaintiff's counsel, Patrick O'Keke, Esq. to respectfully request the following: (1) that the City of New York ("City") and the New York City Police Department ("NYPD") be granted a sixty-day enlargement of time, from July 30, 2007 to October 1, 2007, to answer or otherwise respond to the complaint; and (2) that this action be consolidated with Brown v. The City of New York, 07-6096 (RMD). This is the City's first request for an enlargement of time in this action.

    The complaint alleges, *inter alia*, that plaintiff was falsely arrested and falsely imprisoned, as well as subjected to malicious prosecution. In addition to the City of New York, plaintiff purports to name Police Officers "Kola" and "Ohare," and Sergeant "Paterson" as defendants.[1] Before this office can adequately respond to the complaint, we will need to conduct

---

[1] Upon information and belief, it does not appear as if Police Officers "Kola" and "Ohare" or Sergeant "Paterson" have been served with the summons and complaint and the current docket

Continued…

an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

Moreover, the enlargement will allow us to ascertain whether the individually named officers have been properly served. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendants. The named defendants must each then decide whether he/she wishes to be represented by this office. If so, we must obtain his/her written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)). In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer the complaint until October 1, 2007.

In addition, the City respectfully requests that Your Honor direct that this action be consolidated for both discovery and trial with a case entitled Brown v. The City of New York, 07-6096 (RMD), also pending in this Court before District Judge Richard Berman.[2] Rule 15 of the Guidelines for the Division of Business Among District Judges located on the Southern District of New York Court's website states that "a civil case will be deemed related to one or more other civil cases and will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served.

Plaintiff Cooper and Plaintiff Brown's cases clearly arise out of the same transaction and occurrence. Specifically, plaintiffs, who are brother and sister, allege that on or about May 14, 2006, they were arrested together without probable cause, and charged with PL 160.10 'Robbery in the Second Degree.' Further, both plaintiffs allege that there federal and state civil right were violated, and are suing the exact same individually named defendants. As a result, these two cases will raise the same factual and legal issues, and therefore assigning both cases to the same judge would likely result in "a substantial saving of judicial resources, and will result in judicial economy." Moreover, Patrick O'Keke, Esq. is representing both plaintiffs in each action.

I have had occasion to speak with plaintiffs' counsel, Patrick O'Keke, Esq., and he consents to this request to consolidate both cases. Accordingly, I respectfully request that the

---

sheet does not reflect that affidavits of service have been filed. Without appearing on their behalf or making any representations with respect to service, I also respectfully request that the additional defendants' time to answer or otherwise respond to the complaint also be extended until October 1, 2007.

[2] A substantially similar letter requesting consolidation of these two matters has been submitted to Judge Berman, a courtesy copy of which is enclosed herein.

Court Order consolidation of this case with Brown v. The City of New York, 07-6096 (RMD) so that both cases are assigned to the same Judge.[3]

    Thank you for your consideration in this regard.

Respectfully submitted,

*signature*

Stuart Jacobs (SJ 8379)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:

    BY HAND ONLY
    Honorable Richard M. Berman
    United States District Judge
    Southern District of New York
    500 Pearl Street, Room 650
    New York, NY 10007

    BY FAX - (718) 855-9494
    Patrick O'Keke, Esq.
    O'Keke & Associates
    Attorney for Plaintiff
    255 Livingston Street, 4th Floor
    Brooklyn, NY 11217

---

[3] Pursuant to Rule 15, it is within the discretion of the judge assigned to the case with the lowest docket number to accept or reject a case.