UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

EDWARD COOPER,

                                                                              Plaintiff,      **ANSWER TO COMPLAINT**

                  -against-

THE CITY OF NEW YORK,                                    **07 CV 6095[1] (GBD)**
NEW YORK CITY POLICE DEPARTMENT,
P.O. DEMETRIOUS KOLA,                                      **Jury Trial Demanded**
P.O. CHRISTOPHER OHARE,
SGT. GUY PATERSEN "JANE DOE" AND "JOHN
DOE" "1 'through' 10 inclusive, the names of the last
defendants being fictious, the true names of the defendants
being unknown to the plaintiff,

                                                                          Defendants.

------------------------------------------------------------------ x

        Defendants City of New York, New York City Police Department[2], Police Officer Kola, Police Officer Ohare, and Sergeant Petersen, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to seek damages as set forth therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] This action has been consolidated with Brown v. City of New York, et al.
[2] The New York City Police Department is a non-suable entity.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to proceed as stated therein. Defendants admit that Police Officer Kola, Police Officer Ohare, and Sergeant Petersen are employed by the City of New York as Police Officers.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint as they pertain to unidentified defendants.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York is a municipality in the State of New York.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff was arrested on May 14, 2006.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff was arrested on May 14, 2006, transported to the 6th Precinct and central booking, and deny knowledge or information sufficient to form a belief as to the allegations concerning plaintiff's court appearances.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that a document purporting to be a Notice of Claim was received in the Office of the Comptroller, and assigned Claim No.: 07PI009527.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. There is no paragraph "17."

18. There is no paragraph "18."

19. There is no paragraph "19."

20. Deny the allegations set forth in paragraph "20" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

23. Deny the allegations set forth in paragraph "23" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that a document purporting to be a Notice of Claim was received in the Office of the Comptroller and that plaintiff's claims have not been settled.

31. Deny the allegations set forth in paragraph "31" of the complaint, except admit that the Complaint in this action was filed with the Court on June 28, 2007.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "31" inclusive of this answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "36" inclusive of this answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint. Defendants further state that the allegations are legal conclusions to which no response is required.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "42" inclusive of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "45" inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint. Defendants further state that the allegations are legal conclusions to which no response is required.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "55" inclusive of this answer, as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

59. Deny the allegations set forth in paragraph "59" of the complaint. Defendants further state that the allegations are legal conclusions to which no response is required.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "60" inclusive of this answer, as if fully set forth herein.

62. Paragraph "62" of the complaint contains conclusions of law rather than averments of fact relating to plaintiff's claim; accordingly, no response is required.

63. Paragraph "63" of the complaint contains conclusions of law rather than averments of fact relating to plaintiff's claim; accordingly, no response is required.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

67. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

68. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

69. Any injury alleged to have been sustained, resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

70. Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

71. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims may be barred, in whole or in part, by the applicable limitations period.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

73. At all times relevant to the acts alleged in the Complaint, the duties and functions of defendants' officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendants are entitled to governmental immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

74.     To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

75.     There was probable cause and reasonable suspicion for plaintiff's stop, arrest, and detention.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

76.     Defendants, Police Officer Kola, Police Officer Ohare, and Sergeant Petersen, have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AND AS FOR A ELEVENTH AFFIRMATIVE DEFENSE:

77.     The New York Police Department is a non-suable entity.

**WHEREFORE,** Defendants City of New York, New York City Police Department, Police Officer Kola, Police Officer Ohare, and Sergeant Petersen request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        September 29, 2007

                                                MICHAEL A. CARDOZO
                                                Corporation Counsel of the
                                                City of New York
                                                Attorney for Defendants City of New York,
                                                New York City Police Department, Police Officer
                                                Kola, Police Officer Ohare, and Sergeant Petersen
                                                100 Church Street, Room 3-311
                                                New York, New York 10007
                                                (212) 788-0899

By:  _____
        STUART E. JACOBS (SJ 8379)
        Assistant Corporation Counsel

To:  Philip Akakwam, Esq. (By ECF)
     303 Livingston Street, 2nd Floor
     Brooklyn, New York 11217
     (718) 858-2488

| |
|---|
| Docket No. 07 CV 6095 (GBD) |
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| EDWARD COOPER,<br><br>                                        Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK,<br>NEW YORK CITY POLICE DEPARTMENT,<br>P.O. DEMETRIOUS KOLA,<br>P.O. CHRISTOPHER OHARE,<br>SGT. GUY PATERSEN "JANE DOE" AND<br>"JOHN DOE" "1 'through' 10 inclusive, the names<br>of the last defendants being fictious, the true names<br>of the defendants being unknown to the plaintiff,<br><br>                                        Defendants. |
| **ANSWER TO COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York,*<br>*New York City Police Department, Police Officer*<br>*Kola, Police Officer Ohare, and Sergeant Petersen*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br><br>*Of Counsel: Stuart E. Jacobs*<br>*Tel:  (212) 788-0899* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ......................................... ,2007*<br><br>*......................................................... Esq.*<br><br>*Attorney for ................................................* |

- 10 -